IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| LONNIE POTTS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. G-05-174 |
| CAMERON OFFSHORE BOATS, INC., | § § § | |
| Defendant. | § § § | |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE AND DEFENDANT'S MOTION TO TRANSFER VENUE, DENYING DEFENDANT'S MOTION TO STRIKE OR FOR AN EVIDENTIARY HEARING, AND SUA SPONTE TRANSFERRING CASE**

This case arises out of injuries allegedly sustained by Lonnie Potts ("Plaintiff") while working aboard the M/V MARY DIANE MCCALL, a vessel owned by Cameron Offshore Boats, Inc. ("Defendant"). Now before the Court is Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, and, in the alternative, Motion to Transfer to the Western District of Louisiana. For the following reasons, Defendant's Motions are respectfully **DENIED**, and the Court **SUA SPONTE TRANSFERS** the case to the Eastern District of Texas, Beaumont Division.

I. Background

Plaintiff claims that he injured his right knee, back, and neck on January 29, 2005, while working on the M/V MARY DIANE MCCALL. Defendant states that the vessel was located off the coast of Louisiana at the time of the accident, but Plaintiff alleges that it was off the coast of Freeport,

Texas.[1]  (Potts Supp. Aff. at 1.)  Defendant, a Louisiana corporation with its principal place of business in Cameron, Louisiana, owns and operates the vessel.  Defendant does not have an office or any employees in Texas.  Plaintiff obtained employment with Defendant through a Texas recruiting company.

II.  Analysis

A.  *Personal Jurisdiction*

Defendant argues that this Court cannot exercise personal jurisdiction over it.  Defendant is a Louisiana corporation with its principal place of business in Cameron, Louisiana.  As a nonresident of Texas, Defendant is subject to personal jurisdiction in this District if it is amenable to service of process under Texas's long-arm statute and the exercise of personal jurisdiction is consistent with due process.  *See Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992).  Texas's long-arm statute grants jurisdiction over nonresident defendants who have committed a tort in Texas or who do business in Texas.  Tex. Civ. Prac. & Rem. Code § 17.042 (Vernon 1997).  Jurisdiction over those doing business in Texas is coterminous with the jurisdiction allowed under the Due Process Clause of the United States Constitution.  *See Schlobohm v. Schapiro,* 784 S.W.2d 355, 357 (Tex. 1990); *Ring Power Sys. v. Int'l De Comercio y Consultoria*, 39 S.W.3d 350, 352 (Tex. App.–Houston [14th Dist.] 2001, no writ).

The question of personal jurisdiction therefore collapses into a single due process inquiry.  Whether the exercise of personal jurisdiction over Defendant is consistent with the Due Process

---

[1] The Court recognizes that the issue of where the accident occurred is hotly contested.  Because the Court denies Defendant's Motion on other grounds, the Court need not decide this issue at this point.  Defendant's Motion to Strike and/or for an Evidentiary Hearing is therefore **DENIED**.

Clause of the United States Constitution likewise requires a two-pronged inquiry. First, the Court must conclude that the Defendant has "minimum contacts" with the forum state. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945). Second, the Court must determine that requiring Defendant to litigate in the forum does not offend "traditional notions of fair play and substantial justice." *Id.*; *see also Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994); *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993). The "minimum contacts" aspect of due process can be satisfied by finding either specific jurisdiction or general jurisdiction. *See Wilson*, 20 F.3d at 647. Contacts unrelated to the cause of action may confer general jurisdiction, but these contacts must be both "continuous and systematic" and "substantial." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417, 104 S. Ct. 1868, 1873, 80 L. Ed. 2d 404 (1984). A defendant's limited contact with the forum state may support specific jurisdiction if it gives rise to the cause of action. *See Ruston Gas Turbines*, 9 F.3d at 419 ("A single act by the defendant directed at the forum state, therefore, can be enough to confer personal jurisdiction if that act gives rise to the claim being asserted."). Specific jurisdiction is proper if the nonresident defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefit and protection of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174, 2183, 85 L. Ed. 2d 528 (1985) (holding that a defendant establishes minimum contacts by purposely engaging in conduct directed toward the forum state "such that [the defendant] should reasonably anticipate being haled into court there"); *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S. Ct. 1228, 1239-40, 2 L. Ed. 2d 1283 (1958).

     This Court has previously exercised personal jurisdiction out-of-state defendants who recruited employees in Texas. *See Hall v. Envtl. Chem. Corp.*, 64 F. Supp. 2d 638 (S.D. Tex. 1999);

*see also Guyton*, 139 F. Supp. 2d at 820.  In *Hall*, the defendant's agent called the plaintiff, a Texas resident, to recruit him for out-of-state employment.  *See* 64 F. Supp. 2d at 642.  This recruitment resulted in the plaintiff accepting employment with the defendant.  *See id.*  The plaintiff was injured out of state, but treated in Texas.  *See id.* at 643.

Defendant says that Progressive Marine Service ("Progressive") is not its agent.  However, the unsworn declaration of Kim Armstrong, the owner of Progressive, provides insight into how the recruitment process works.  (Pl.'s Ex. B.)  Progressive places ads for licensed maritime workers.  When a prospective worker contacts Progressive, Progressive arranges to receive 20% of the worker's gross wages for the first 60 days of employment if Progressive successfully places the worker.  Progressive then refers the worker to various companies.  It appears that Progressive has an ongoing relationship with Defendant such that Progressive is made aware of job openings with Defendant and Progressive can call Defendant to inquire about the details of employment for a new hire.

While Progressive may not have been Defendant's actual agent, Defendant took advantage of Progressive's services to hire 31 Texas workers since 2002.  By repeatedly hiring Texas workers through a Texas recruiting company, Defendant must have expected to be haled into court in Texas should a dispute arise in relation to the employment of one of those workers.  In fact, Defendant has answered without objection in at least four lawsuits in the Southern District of Texas from 1990-2002.  Plaintiff's recruitment occurred in Texas, and it resulted in employment with Defendant.  Like the Plaintiff in *Hall*, Plaintiff received treatment in Texas.  *See Hall*, 64 F. Supp. 2d at 643.  Defendant also made maintenance payments to Plaintiff in Texas, although it ceased those payments when Plaintiff hired an attorney.  Paying maintenance and cure in another state is a purposeful contact with that state, although that action alone cannot sustain personal jurisdiction.  *See Coats v. Penrod*

4

*Drilling Corp.*, 5 F.3d 877, 884 (5th Cir. 1993); *Frisella v. Transoceanic Cable Ship Co.*, 181 F. Supp. 2d 684, 649 (E.D. La. 2002). This Court has specific jurisdiction over a controversy stemming from the employment of a Texas worker hired through the efforts of a Texas recruiting company when the worker was treated in Texas, had his paychecks sent to a Texas company for some period of his employment, and received maintenance and cure payments in Texas.

Finally, the exercise of personal jurisdiction over Defendant by this Court does not offend traditional notions of fair play and substantial justice. In making this determination, the Court considers "the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief." *Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 113, 107 S. Ct. 1026, 1033, 94 L. Ed. 2d 92 (1987). Defendant has answered without objection in at least four cases in this District; therefore, it is obviously not extremely burdensome on Defendant to litigate here. Additionally, as discussed below, the Court is transferring this case to the Eastern District of Texas, Beaumont Division, which should be even less burdensome for Defendant. The Court is not asking Defendant to litigate a suit thousands of miles from its home. Texas has a strong interest in protecting the health and safety of its citizens, even when they go to work in a neighboring state. Because Defendant has sufficient minimum contacts with the state of Texas and because exercising personal jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice, the Court finds that it has personal jurisdiction over Defendant in this case. Defendant's Motion to Dismiss for Lack of Personal Jurisdiction is therefore **DENIED**.

B. *Improper Venue*

In an action under admiralty law, venue is proper wherever the defendant may properly be served. *See* Fed. R. Civ. P. 82; *In re Louisville Underwriters*, 134 U.S. 488, 490, 10 S. Ct. 587, 588,

33 L. Ed. 991 (1890) ("By the ancient and settled practice of courts of admiralty, a libel *in personam* may be maintained for any cause within their jurisdiction, wherever a monition can be served upon the libelee . . . ."). Plaintiff's Complaint invokes this Court's admiralty jurisdiction. *See* 28 U.S.C. § 1333. Since the Court has found that Defendant is subject to service of process in this District, venue is also proper in this District. Therefore, Defendant's Motion to Dismiss for Improper Venue is hereby **DENIED**.

*C. Motion to Transfer under 28 U.S.C. § 1404*

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed."). In determining whether a venue transfer is warranted, the Court considers the availability and convenience of witnesses and parties; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference. *See, e.g., Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395-96 (S.D. Tex. 1992). The decision to transfer a case lies within the sound discretion of the Court, and such

determinations are reviewed under an abuse of discretion standard.  *See Peteet*, 868 F.2d at 1436.

Defendant has not borne its burden of showing that transfer to the Western District of Louisiana would be more convenient for all Parties.  For example, Defendant admits that Plaintiff lives in Texas.  Defendant mentions that some witnesses reside in the Western District of Louisiana, but it does not name them or outline their testimony.  To support a Motion to Transfer on the basis of increasing the availability and convenience of witnesses, the movant must identify key witnesses and provide a brief outline of their likely testimony.  *See LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing *Dupre*, 810 F. Supp. at 825).  Therefore, Defendant's Motion to Transfer is hereby **DENIED**.

D.  *Sua Sponte Transfer*

However, the Court finds that the convenience of all Parties would be increased by transferring the case to the Eastern District of Texas, Beaumont Division.  A transfer to Beaumont would significantly increase the availability and convenience of the witnesses.  Plaintiff lives in Spurger, Texas, which, according to Defendant, is about 40 miles north of Beaumont.  Beaumont would certainly be more convenient than Galveston to Plaintiff and his medical providers who live near Spurger.  While any experts Plaintiff may bring from Houston might prefer a trip to this sunny isle, driving to Beaumont will be no less convenient for them than driving to Galveston.  Two potential witnesses, crew member David Chaney and the vessel's captain, also live in Texas; there is no indication that Beaumont will be less convenient for them than Galveston.  As Beaumont is less than an hour from Louisiana, it would also be much more convenient for Defendant and any witnesses Defendant may bring from Cameron.

While neither side has presented any evidence that the books and records required for

litigation are so voluminous that their transport will be a special burden, Plaintiff will not have any greater difficulty in bringing any records from Spurger or Houston to Beaumont rather than to Galveston, and Defendant will have a shorter distance to transport records located in Cameron.

While any transfer may necessarily cause some delay, the Court does not have any reason to believe that transfer to Beaumont will cause any extraordinary or unusually burdensome delay. This case is only about six months old.

Although Plaintiff's choice of venue is normally entitled to great deference, when the Plaintiff does not live in the forum, that choice is entitled to less deference. *See, e.g.*, *Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1109 (S.D. Tex. 1997). While the fact that Plaintiff does not live in the Southern District of Texas does not justify transfer to any forum of Defendant's choosing, Plaintiff cannot complain of a transfer to his home District. Finally, transfer to Beaumont will split the difference between Galveston, Plaintiff's chosen forum, and Louisiana, the location of Defendant.

III. Conclusion

The Court finds that it has personal jurisdiction over Defendant, that venue is proper in this Court, and that Defendant has not borne its burden of showing that the Western District of Louisiana would be a more convenient venue for all Parties and witnesses. Therefore, Defendant's Motions are hereby **DENIED**. However, the Court finds that the Eastern District of Texas, Beaumont Division, is a more convenient venue for all Parties and witnesses, and the Court therefore **SUA SPONTE TRANSFERS** this case to that District and Division. The Court also **DENIES** Defendant's Motion to Strike and/or for an Evidentiary Hearing. Each Party is to bear its own expenses, attorneys' fees, and taxable costs incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 9th day of July, 2005, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge